IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY PENDER                          :

   v.                                   :   Civil Action No. DKC 09-0034
                                            Criminal Case No. DKC 06-0083
                                        :
UNITED STATES OF AMERICA
                                        :

**MEMORANDUM OPINION**

Presently pending and ready for review is the motion of Petitioner Anthony Pender to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (ECF Nos. 50, 51).[1]  The issues have been briefed, and the court now rules, no hearing deemed necessary.  Local Rule 105.6.  For the following reasons, Petitioner's motion will be denied.

**I.  Background**

On February 27, 2006, Petitioner Anthony Pender was indicted on two counts:  (1) possession of a firearm by a convicted felon, and (2) possession of 50 grams or more of cocaine base with intent to distribute.  After his arraignment, Petitioner moved to suppress certain evidence on several grounds, including that statements made by him were

---

[1] Two identical petitions were filed.  First, counsel filed a petition on January 8, 2009 (ECF No. 50), though counsel did not enter an appearance.  Second, Petitioner signed a petition on January 13, 2009, which was received January 16, 2009.  (ECF No. 51).

involuntarily given and that the warrantless search of his apartment was made without proper consent. The motion was denied.

After the government filed a notice of prior convictions under 21 U.S.C. § 851,[2] Petitioner's case then proceeded to trial before a jury. He was found guilty on both counts and on December 4, 2006, was sentenced to 120 months imprisonment, followed by three years of supervised release on Count One, and to a mandatory sentence of life imprisonment, followed, if released, by ten years of supervised release on Count Two. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, arguing that the motion to suppress should have been granted and that, even if denied, the totality of the evidence was insufficient to sustain a conviction on either count. Dispensing with oral argument, the Fourth Circuit affirmed his convictions on January 11, 2008. *United States v. Pender*, 261 F.App'x 576 (4th Cir. 2008). The mandate issued February 4, 2008. Petitioner did not petition for a writ of certiorari, and his conviction became final when the time for filing such a petition expired.

---

[2] The notice referred to three prior drug convictions and stated that a conviction on Count Two would result in a mandatory term of life imprisonment without release, and, if the quantity were less than 50 grams, but more than 5 grams, a mandatory minimum term of ten years, and a maximum of life in prison.

Petitioner timely filed this motion. (ECF Nos. 50, 51). He seeks relief on the basis that he received ineffective assistance of counsel. The Government opposed the motion on June 25, 2009. (ECF No. 58). Petitioner did not reply.

## II. Standard of Review

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." A *pro se* movant is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

## III. Analysis

Petitioner alleges that his trial "[c]ounsel was ineffective in not obtaining a plea offer and in advising [him] concerning [the] strength of his case." (ECF No. 50, at 5). Specifically, Petitioner alleges that counsel advised him that his failure to consent to the search of his home while at the police station would result in suppression of the evidence and

3

that the evidence was not sufficient to obtain a conviction. In contrast, Petitioner now says that the evidence was very strong, that the drugs and gun were found in a closet used solely by him,[3] and that a "[r]ealistic and competent assessment of [the] case required that a plea be accepted." (*Id.*).

The government responds by asserting that Petitioner and counsel in fact sought a pre-trial disposition and visited the United States Attorney's Office on the day prior to trial. A written plea agreement was presented to, but rejected by, both Petitioner and his attorney.[4] Petitioner did not respond to the government's factual assertions. The government also argues that the allegations do not meet the threshold of *Strickland v.*

---

[3] Although the Petitioner's girlfriend testified that Petitioner used the closet in the master bedroom (Trial Tr. 115, Aug. 30, 2006), there was also testimony from searching officers that both men's and women's clothing were in the master bedroom (Trial Tr. 143, Aug. 29, 2006) and that a woman's handbag and boots were found in the closet (*id.* at 228-29). Counsel argued that other people had access to the closet. (Trial Tr. 176, Aug. 30, 2006).

[4] The proffered plea agreement included a plea to both counts of the indictment and guideline stipulations resulting in an offense level of 34 or 35 and a criminal history category of VI. Although not explicit, the plea apparently would also include the government's agreement not to file a notice of enhanced sentence under 21 U.S.C. § 851. Thus, instead of a mandatory life sentence on Count Two, Petitioner would have faced a mandatory minimum sentence of ten years, and a maximum of life in prison and guidelines range of either 262-327 months or 292-365 months.

4

*Washington*, 466 U.S. 668 (1984), and amount only to after-the-fact criticism of strategic advice.

These differing factual assertions obviously create a dispute of fact concerning the presence or absence of plea negotiations. The difference is, however, not material under the circumstances. Regardless of which version is correct, Petitioner cannot show ineffective representation by counsel.

Claims of ineffective assistance of counsel are, of course, governed by the well-settled standard adopted in *Strickland,* under which the petitioner must first show that counsel's performance was deficient when measured against an objective standard of reasonableness. *Id*. at 687-88. Second, the petitioner must show that counsel's deficient performance prejudiced the defense. *Id*. at 687.

The United States Supreme Court recently reaffirmed that "the right to the effective assistance of counsel applies to certain steps before trial. The Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings." *Missouri v. Frye*, 566 U.S. ---, 2012 WL 932020, at *5 (Mar. 21, 2012) (internal quotations omitted). In *Missouri v. Frye*, the issue concerned pre-trial plea negotiations. Counsel had received, but did not convey to his client, plea offers. The Court held that "as a general rule, defense counsel has the duty to communicate formal offers

5

from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at *8. To show prejudice

> where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law.

*Id.* at *9.

In another case decided the same day, *Lafler v. Cooper*, 566 U.S. ---, 2012 WL 932019 (Mar. 21, 2012), the Court dealt with a different situation, where counsel's concededly erroneous legal advice led the defendant to reject a plea offer. The Court held that

> [i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.

*Id.* at *8. These two cases help to frame the necessary analysis for Petitioner's claims.

There are two aspects to the petition — first, the question of seeking a plea agreement, and second, the asserted misadvice

6

about the suppression issue and the strength of the evidence. The issues will be analyzed under both factual scenarios presented by the parties: first, as if the facts are as stated in the petition, *i.e.*, that counsel did not seek a plea agreement, and second, as asserted by the government, *i.e.*, that a specific plea offer was made directly to the defendant on the day before trial. As noted above, under either version, Petitioner is not entitled to relief.

To establish the first prong of *Strickland*, Petitioner must produce evidence that his counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." 466 U.S. at 687. There exists a strong presumption that a counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *See id.* at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000).

Petitioner begins by arguing that his trial attorney was "ineffective in not obtaining a plea offer." (ECF No. 50, at 5). Even if it is true that his counsel did not seek a plea agreement, his counsel's failure to seek or obtain a plea offer was not outside the "range of competence" of criminal defense

7

attorneys.  As an initial matter, "a defendant has no right to be offered a plea."  *Missouri v. Frye*, 2012 WL 932020, at *10 (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)); *see also Fields v. Attorney Gen.*, 956 F.2d 1290, 1297 n.19 (4th Cir. 1992) ("A defendant has no constitutional right to a plea bargain.").  In general, a defense counsel does not ordinarily have a duty to initiate negotiations for a plea bargain.  *See Beans v. Black*, 757 F.2d 933, 936 (8th Cir. 1985).  An attorney must, however, convey formal plea offers from the prosecution to the defendant.  *See Missouri v. Frye*, 2012 WL 932020, at *8.  But absent a formal offer from the prosecution, "[a]n attorney's decision not to initiate plea bargaining is strategy, and an attorney is not required to seek plea bargains that an attorney reasonably believes that the prosecution will reject."  *United States v. McDonald*, No. 3:04-cr-00092-3, 2009 WL 2058527, at *8 (W.D.Va. July 14, 2009).  Thus, here, the bare fact that Petitioner's counsel may not have sought a plea offer from the prosecution does not indicate any professional deficiency by his counsel.[5]

---

[5]  Nor could Petitioner argue that his counsel was ineffective for not obtaining a *satisfactory* plea offer.  *See Mayes v. United States*, No. 7:07-cv-00132, 2007 WL 4302829, at *7 n.9 (W.D.Va. Dec. 6, 2007) (dismissing petitioner's argument that counsel was ineffective for failing to renegotiate with the government for a "more favorable" plea agreement based, in part, on *Weatherford* and *Beans*).

The government contends, moreover, that Petitioner was, in fact, offered a formal, written plea agreement the day before trial was set to commence and that he personally rejected it. (*See* ECF No. 58, at 4). Petitioner did not file a reply and has not explicitly contested this assertion. If this version of the facts is correct, then Petitioner's claim that no plea agreement was sought would be unsubstantiated and, because both Petitioner and his counsel were present at the conference, there could be no deficient performance from failing to advise him of the offer.

Petitioner also contends, however, that his attorney gave him bad advice concerning the suppression issue and the strength of the case. That advice only needs to be assessed as it might have affected his decision to reject the plea that ultimately was offered the day before trial. Any misadvice earlier in the proceedings would not have been prejudicial in the context of Petitioner's claim concerning plea negotiations and Petitioner has not identified any other action, or inaction, that was adversely affected.

Petitioner cannot argue that his decision to reject the plea offer made the day before trial was affected by any erroneous advice concerning the suppression issue. The prosecution's plea offer, which he received on August 28, 2006, came three weeks after the suppression motion had been denied on

9

August 7, 2006. Thus, Petitioner was fully aware of the result of the motion to suppress when he decided to reject the plea offer. He cannot now argue that his counsel's allegedly erroneous advice on that matter led him astray. This is but an application of the notion that, when earlier erroneous information given by an attorney is corrected by the judge in court, a defendant cannot show prejudice. *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992).

As to his attorney's advice regarding the general sufficiency of the evidence, the Supreme Court has suggested that "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Lafler*, 2012 WL 932019, at *12. At the same time, however, the Court has cautioned that "[t]he failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis." *Hill v. Lockhart*, 474 U.S. 52, 62 (1985) (White, J., concurring). Here, there is simply no hint that the advice of Petitioner's attorney concerning the strength of the evidence involved any misstatement about the law. At trial, the defense strenuously challenged the Government's witnesses and evidence, and argued at length that the evidence should not persuade the jury beyond a reasonable doubt of Petitioner's guilt. The trial took two days, the jury began deliberating just after 4:30 p.m. on the afternoon of the second

day, and did not return a verdict until mid-afternoon on the following day. It cannot be said that the factual challenge to the Government's proof fell outside the range of competence of a reasonable attorney.  At best, Petitioner is arguing that his attorney guessed incorrectly about the outcome of his jury trial.  Without more, it cannot be said that the performance of Petitioner's counsel was deficient under the Sixth Amendment.

Defense attorneys are not expected to be "seers," but they must give advice based on an accurate view of the law.  As explained in *Ostrander v. Green*, 46 F.3d 347 (4th Cir. 1995), *overruled on other grounds by O'Dell v. Netherland*, 95 F.3d 1214 (4th Cir. 1996):

> The *Strader* [*v. Garrison*, 611 F.2d 61 (4th Cir. 1979),] court was careful to explain that there is a difference between a bad prediction within an accurate description of the law and gross misinformation about the law itself. If the lawyer simply underestimates the sentence, there may not be ineffective assistance. *See, e.g., United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (*en banc*), *cert. denied*, 513 U.S. 1060, 115 S.Ct. 672, 130 L.Ed.2d 605 (1994). But what if he tells his client that the statutory maximum is ten years, and it is actually life? We cannot expect criminal defense lawyers to be seers, but we must demand that they at least apprise themselves of the applicable law and provide their clients with a reasonably accurate description of it.

*Id.* at 355.

Finally, as noted by the Supreme Court in *Strickland*, because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence," 466 U.S. at 689, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," *id.* at 690.  Here, Petitioner merely laments in hindsight the decision to challenge the government's evidence at trial.

Because Petitioner has not met the first prong of the *Strickland* test with regard to the decision to reject the plea offer and challenge the government's evidence at trial, it is not necessary to address whether he has shown prejudice.

**IV.  Conclusion**

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Petitioner does not satisfy the above standard.

 A separate order will follow.

                   /s/
                DEBORAH K. CHASANOW
                United States District Judge